IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **RUSSELL OEHRING,** | § |
| *Plaintiff*, | § |
| vs. | § |
| **SPIKE BREWING, LLC; WINTERS INSTRUMENTS, INC.; CHANGSHU HUAKE (ZHONGYA) IMPORT AND EXPORT TRADE CO., LTD.; PENNLAKE CORPORATION d/b/a CONRADER VALVES; CONRADER HOLDINGS, LLC; and CLAIVIPCO PRODUCTS, INC.,** | § **CASE NO. 6:19-CV-00444-JCM** § **JURY TRIAL DEMANDED** |
| *Defendants*. | § |

**DEFENDANT PENNLAKE CORPORATION D/B/A CONRADER VALVES ORIGINAL ANSWER TO PLANTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant Pennlake Corporation d/b/a Conrader Valves ("Conrader") and files this Original Answer to Plaintiff's Second Amended Complaint and would respectfully show the Court as follows:

**PARTIES**

1. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1.

2. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2.

3. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.

4. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.

5. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

6. Conrader admits that Pennlake Corporation d/b/a Conrader Valves it is a Pennsylvania corporation with its principal place of business in Erie, Pennsylvania. Conrader admits that it designs and manufactures safety valves, but lacks knowledge or information sufficient to form a belief as to whether it designed and/or manufactured the 15psi pressure relief valve sold by Spike Brewing as alleged.

7. Conrader admits that Conrader Holdings, LLC ("Conrader Holdings") is a Pennsylvania limited liability company with its principal place of business in Erie, Pennsylvania. Conrader denies, however that Conrader Holdings is a proper party to this suit as it did not, and does not, design, manufacture, market, sell or otherwise distribute products, including the 15psi pressure relief valve in this case. Conrader therefore specifically denies that Conrader Holdings is a co-designer, manufacturer, and/or producer of the 15-psi pressure relief valve of the Fermenter that Defendant Spike Brewing sold and delivered to Plaintiff.

8. Paragraph 8 does not require a response.

9. Paragraph 9 does not require a response.

## JURISDICITON AND VENUE

10. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10.

11. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.

12. Conrader admits that this Court has personal jurisdiction over it. As Conrader Holdings is not a proper party to suit, however, Conrader denies that this Court has personal jurisdiction over Conrader Holdings pursuant to the Texas Long Arm Statute, TEX. CIV. PRAC. &

REM. CODE § 17.042. Conrader Holdings did not commit a tort in Texas; did not market, sell, or distribute any products into the stream of commerce; did not market, sell, or distribute any products to Spike Brewing; and conducted no business in Texas. Consequently, Conrader Holdings did not purposefully avail itself of the privileges and benefits of conducting business in Texas and did not maintain minimum contacts with the State of Texas to impose jurisdiction.

13. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.

14. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14.

15. Conrader admits the Court has subject matter jurisdiction over this case.

16. Conrader admits that the Western District of Texas, Waco Division is a proper venue for this case.

## FACTUAL BACKGROUND

17. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.

18. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18.

19. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20. Conrader lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.

21. Conrader admits that it sold pressure relief valves to Spike Brewing but lacks knowledge or information sufficient to form a belief as to whether it sold the 15psi pressure relief valve purchased by Plaintiff from Spike Brewing on or about February 16, 2018. Conrader admits

that the pressure relief valves it sold to Spike Brewing were designed to release pressure at a certain psi and had a "pull ring," but specifically denies that the "pull ring" was to be used for manual engagement by an end user to manually release pressure from the tank and/or adjust the internal psi level as alleged.

22. Conrader admits that it sold pressure relief valves to Spike Brewing but lacks knowledge or information sufficient to form a belief as to whether it sold the 15psi pressure relief valve purchased by Plaintiff from Spike Brewing on or about February 16, 2018. Conrader lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 22.

23. Conrader admits that it sold pressure relief valves to Spike Brewing but lacks knowledge or information sufficient to form a belief as to whether it designed, manufactured and/or sold the 15psi pressure relief valve purchased by Plaintiff from Spike Brewing on February 16, 2018.

24. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Conrader specifically denies the allegations contained in Paragraph 29.

## COUNT 1
## NEGLIGENGE — SPIKE BREWING

30. Paragraph 30 does not require a response.

31. Paragraph 31 contains conclusions of law and therefore does not require a response.

32. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Paragraph 33 contains conclusions of law and therefore does not require a response.

34. Paragraph 34 contains conclusions of law and therefore does not require a response.

35. Paragraph 35 contains conclusions of law and therefore does not require a response.

36. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and its subparts.

37. Paragraph 37 contains conclusions of law and therefore does not require a response.

38. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and its subparts.

## COUNT 2
## STRICT LIABILITY — SPIKE BREWING

39. Paragraph 39 does not require a response.

40. Conrader admits that Spike Brewing participated in the design of the pressure relief valves Conrader sold to Spike Brewing. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 40.

41. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Conrader denies the allegations contained in paragraph 44.

45. Conrader denies the allegations contained in paragraph 45.

46. Conrader denies the allegations contained in paragraph 46.

47. Conrader denies the allegations contained in paragraph 47.

48. Conrader denies the allegations contained in paragraph 48.

49. Conrader denies the allegations contained in paragraph 49.

50. Conrader denies the allegations contained in paragraph 50.

51. Conrader denies the allegations contained in paragraph 51.

52. Conrader denies the allegations contained in paragraph 52.

53. Conrader denies the allegations contained in paragraph 53.

54. Conrader denies the allegations contained in paragraph 54.

55. Conrader denies the allegations contained in paragraph 55.

56. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and its subparts.

57. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

## COUNT 3
## NEGLIGENCE — WINTERS INSTRUMENTS

59. Paragraph 59 does not require a response.

60. Paragraph 60 contains legal conclusions and therefore does not require a response.

61. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62. Paragraph 62 contains conclusions of law and therefore does not require a response.

63. Paragraph 63 contains conclusions of law and therefore does not require a response.

8133680v1 / 01238.342

64. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and it subparts.

65. Paragraph 65 contains conclusions of law and therefore does not require a response.

66. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and its subparts.

## COUNT 4
## STRICT LIABILITY— WINTERS INSTRUMENTS

67. Paragraph 67 does not require a response.

68. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

## COUNT 5
## NEGLIGENCE — CHANGS118

76. Paragraph 76 does not require a response.

77. Paragraph 77 contains conclusions of law and therefore does not require a response.

78. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Paragraph 79 contains conclusions of law and therefore does not require a response.

80. Paragraph 80 contains conclusions of law and therefore does not require a response.

81. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and its subparts.

82. Paragraph 82 contains conclusions of law and therefore does not require a response.

83. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and its subparts.

## COUNT 6
## STRICT LIABILITY — CIIANGSIIU

84. Paragraph 84 does not require a response.

85. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

8133680v1 / 01238.342

90. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and it subparts.

## COUNT 7
## NEGLIGENCE — CONRADER HOLDINGS

93. Paragraph 93 does not require a response.

94. Paragraph 93 contains legal conclusions and therefore does not require a response. To the extent a response is required, Conrader denies the allegations contained in Paragraph 94.

95. Conrader denies the allegations contained in paragraph 95.

96. Paragraph 96 contains legal conclusions and therefore does not require a response. To the extent a response is required, Conrader denies the allegations contained in Paragraph 96.

97. Paragraph 97 contains legal conclusions and therefore does not require a response. To the extent a response is required, Conrader denies the allegations contained in Paragraph 97.

98. Conrader denies the allegations contained in paragraph 98 and its subparts.

99. Conrader denies the allegations contained in paragraph 99.

100. Conrader denies the allegations contained in paragraph 100 and its subparts.

## COUNT 8
## STRICT LIABILITY — CONRADER HOLDINGS

101. Paragraph 101 does not require a response.

102. Conrader denies the allegations contained in paragraph 102.

103. Conrader denies the allegations contained in paragraph 103.

104. Conrader denies the allegations contained in paragraph 104.

8133680v1 / 01238.342

105. Conrader denies the allegations contained in paragraph 105.

106. Conrader denies the allegations contained in paragraph 106.

107. Conrader denies the allegations contained in paragraph 107.

108. Conrader denies the allegations contained in paragraph 108.

109. Conrader denies the allegations contained in paragraph 109.

110. Conrader denies the allegations contained in paragraph 110 and it subparts.

## COUNT 9
## NEGLIGENCE — PENNLAKE

111. Paragraph 111 does not require a response.

112. Paragraph 112 contains conclusions of law and therefore does not require a response. To the extent that a response is required, Conrader denies the allegations contained in paragraph 112.

113. Conrader denies the allegations contained in paragraph 113.

114. Paragraph 114 contains conclusions of law and therefore does not require a response. To the extent that a response is required, Conrader denies the allegations contained in paragraph 114.

115. Paragraph 115 contains conclusions of law and therefore does not require a response. To the extent that a response is required, Conrader denies the allegations contained in paragraph 115.

116. Conrader denies the allegations contained in paragraph 116 and its subparts.

117. Paragraph 117 contains conclusions of law and therefore does not require a response. To the extent that a response is required, Conrader denies the allegations contained in paragraph 117.

118. Conrader denies the allegations contained in paragraph 118 and its subparts.

## COUNT 10
## STRICT LIABILITY — PENNLAKE

119. Paragraph 119 does not require a response.

120. Conrader admits that it manufactures and designs pressure relief valves, and that it sold pressure relief valves to Spike Brewing. Conrader lacks sufficient knowledge or information to

form a belief as to whether it sold the pressure relief valve purchased by Plaintiff from Spike Brewing.

121. As Conrader lacks sufficient information or knowledge to form a belief as to whether it sold the pressure relief valve purchased by Plaintiff from Spike Brewing, Conrader also lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 121.

122. Conrader lacks sufficient information or knowledge to form a belief as to whether it sold the pressure relief valve purchased by Plaintiff from Spike Brewing. Conrader denies the remainder of the allegations contained in paragraph 122.

123. Conrader lacks sufficient information or knowledge to form a belief as to whether it sold the pressure relief valve purchased by Plaintiff from Spike Brewing. Conrader denies the remainder of the allegations contained in paragraph 123.

124. Conrader lacks sufficient information or knowledge to form a belief as to whether it sold the pressure relief valve purchased by Plaintiff from Spike Brewing. Conrader denies the remainder of the allegations contained in paragraph 124.

125. Conrader lacks sufficient information or knowledge to form a belief as to whether it sold the pressure relief valve purchased by Plaintiff from Spike Brewing. Conrader denies the remainder of the allegations contained in paragraph 125.

126. Conrader lacks sufficient information or knowledge to form a belief as to whether it sold the pressure relief valve purchased by Plaintiff from Spike Brewing. Conrader denies the remainder of the allegations contained in paragraph 126.

127. Conrader lacks sufficient information or knowledge to form a belief as to whether it sold the pressure relief valve purchased by Plaintiff from Spike Brewing. Conrader denies the remainder of the allegations contained in paragraph 127.

128. Conrader denies the allegations contained in paragraph 128 and its subparts.

8133680v1 / 01238.342

## COUNT 11
## NEGLIGENCE — CLAMPCO PRODUCTS

129. Paragraph 129 does not require a response.

130. Paragraph 130 contains legal conclusions and therefore does not require a response.

131. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132. Paragraph 132 contains legal conclusions and therefore does not require a response.

133. Paragraph 133 contains legal conclusions and therefore does not require a response.

134. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 and its subparts.

135. Paragraph 135 contains legal conclusions and therefore does not require a response.

136. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and it subparts.

## COUNT 12
## STRICT LIABILITY — CLAMPCO PRODUCTS

137. Paragraph 137 does not require a response.

138. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

140. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

8133680v1 / 01238.342

143. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

144. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

145. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and its subparts.

## CONDITIONS PRECEDENT

147. Conrader lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

## JURY DEMAND

148. Paragraph 148 does not require a response.

## PRAYER

149. Paragraph 149 and its subparts does not require a response.

## AFFIRMATIVE DEFENSES

150. Plaintiff engaged in negligent acts and/or omissions with solely and/or proximately caused his injuries. Conrader therefore requests that the Court submit Plaintiff to the trier of fact to consider his percentage of responsibility pursuant to TEX. CIV. PRAC. & REM. CODE §33.003.

151. To the extent Plaintiff is entitled to and/or recovers damages, his damages were caused by parties not under the control of Conrader – namely Defendants Spike Brewing, LLC; Winters Instruments, Inc.; Changshu Huake (Zhongya) Import and Export Trade Co., Ltd.; and

Clampco Products, Inc. Conrader therefore requests that the jury consider the percentage of responsibility of these parties pursuant to TEX. CIV. PRAC. & REM. CODE §33.003.

## **LIMITATION ON DAMAGES**

152. Plaintiff is only entitled to recover medical expenses actually paid or incurred on his behalf pursuant to TEX. CIV. PRAC. & REM. CODE §41.0105.

153. As Plaintiff seeks recovery of past lost wages, his alleged loss of earnings must be presented in the form of a net loss after reduction for income tax payments or any Defendants assert the limitation on the recovery of damages for loss of earning capacity set forth in TEX. CIV. PRAC. & REM. CODE § 18.091.

## **PRAYER**

154. Based on the foregoing, Defendant Pennlake Corporation d/b/a Conrader Valves prays that Plaintiff take nothing by his claims in this suit, for the recovery of Conrader's costs in defending this suit, and for such other and further relief to which Conrader is justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
Randy A. Nelson
State Bar No. 14904800

700 N. Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8228
Facsimile: (214)871-8209
E-mail:rnelson@thompsoncoe.com
***Attorneys for Defendants Pennlake Corporation d/b/a Conrader Valves and Conrader Holdings, LLC***

**CERTIFICATE FO SERVICE**

    I hereby certify that on the 18th day of June 2020, this document was electronically filed with the Clerk of the Court for the WESTERN DISTRICT OF TEXAS, WACO DIVISUION, using the CM/ECF system, which will send notification of filing to all Counsel of record.

                                                      Randy A. Nelson